**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLGA JEWELRY INC. and OLGA ZAVALUNOVA, <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant. | Case No. _____ <br><br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Olga Jewelry Inc. and Olga Zavalunova (collectively, "Plaintiffs"), by and through their attorneys, KOR Law LLP, for their Complaint against Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), allege as follows:

**NATURE OF THE ACTION**

1. This action arises from Defendant's unlawful freezing and closure of Plaintiffs' bank accounts and its continued retention of the funds on deposit without justification, court order, or legal process.

2. For months, Plaintiffs sought an explanation for Defendant's conduct and the return of their money. Defendant provided neither, leaving Plaintiffs no choice but to commence this action.

3. Plaintiffs are not aware of any judgment, lien, levy, restraining notice, or other legal process that could justify Defendant's restraint or closure of the accounts at issue.

**THE PARTIES**

4. Plaintiff Olga Jewelry Inc. ("OJI") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

5. Plaintiff Olga Zavalunova ("Zavalunova") is an individual residing in, and a citizen of, the State of New York.

6. Zavalunova is the sole shareholder, officer, and director of OJI, through which she conducts her jewelry business.

7. Defendant JPMorgan Chase Bank, N.A. is a national banking association whose main office, as designated in its articles of association, is located in Columbus, Ohio. Chase is therefore a citizen of the State of Ohio for purposes of diversity jurisdiction. Chase is authorized to, and does, conduct banking business in the State of New York.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different States—Plaintiffs being citizens of the State of New York and Defendant being a citizen of the State of Ohio—and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendant because Defendant transacts business within this District, and the claims asserted herein arise out of Defendant's conduct within this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## STATEMENT OF FACTS

### A. The Accounts

11. At all relevant times, Plaintiffs maintained the following accounts with Chase (collectively, the "Accounts"):

(a) Checking Account ending in -2131;

(b)   Checking Account ending in -3716;

(c)   Checking Account ending in -5711;

(d)   Checking Account ending in -7863;

(e)   Savings Account ending in -8091; and

(f)   Credit Card Account ending in -5703.

12.   The Accounts were used by Plaintiffs in the ordinary course of their personal and business affairs.

13.   As of September 30, 2025, the Accounts held balances totaling approximately $167,109.29:

(i)   Not less than $6,893.35 for Checking Account ending in -2131;

(ii)   Not less than $10,241.20 for Checking Account ending in -3716;

(iii)   Not less than $62,831.43 for Checking Account ending in -5711;

(iv)   Not less than $6,158.23 for Checking Account ending in -7863;

(v)   Not less than $1,050.57 for Savings Account ending in -8091; and

(vi)   Not less than $79,934.51 for Credit Card Account ending in -5703.

14.   Copies of Plaintiffs' statements for the Accounts for the relevant period are available upon request.

**B.  Chase Freezes and Closes the Accounts**

15.   Beginning in or about July 2025 and continuing through at least September 2025, Plaintiffs discovered that they were unable to access the Accounts, that the balances in the Accounts had changed significantly, and that they were unable to use the funds on deposit.

16.    Plaintiffs are aware of no judgment, lien, levy, restraining notice, court order, government directive, forfeiture proceeding, or other legal process authorizing Chase to restrain, freeze, or close the Accounts or to retain the funds on deposit.

17.    From approximately July 2025 through May 2026, Plaintiffs repeatedly contacted Chase to obtain information concerning the status of the Accounts and to secure the return of their funds.

18.    Chase failed to provide any explanation for the freezing or closure of the Accounts, failed to identify any legal basis for retaining the funds, and failed to return the funds to Plaintiffs.

19.    On or about April 2, 2026, Plaintiffs, through counsel, served a written demand upon Chase requiring, among other things, a written explanation for the freezing and closure of the Accounts, identification of any legal process authorizing retention of the funds, complete account records, and immediate remittance of the remaining balances. A copy of this demand is attached hereto as Exhibit A.

20.    Chase did not comply with the demand.

21.    As a direct and proximate result of Chase's conduct, Plaintiffs have been deprived of access to and use of their funds and have sustained damages in an amount to be determined at trial, but not less than $167,109.29;

(i)     Not less than $6,893.35 for Checking Account ending in -2131;

(ii)    Not less than $10,241.20 for Checking Account ending in -3716;

(iii)   Not less than $62,831.43 for Checking Account ending in -5711;

(iv)    Not less than $6,158.23 for Checking Account ending in -7863;

(v)     Not less than $1,050.57 for Savings Account ending in -8091; and

(vi)    Not less than $79,934.51 for Credit Card Account ending in -5703.

**CAUSES OF ACTION**
**COUNT I**
**BREACH OF CONTRACT**

22.     Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

23.     Plaintiffs and Chase entered into valid and binding deposit agreements governing the Accounts, pursuant to which Chase was obligated, among other things, to hold Plaintiffs' funds, to honor Plaintiffs' proper instructions, and to permit Plaintiffs to access and use the funds on deposit.

24.     Plaintiffs performed all of their obligations under the deposit agreements.

25.     Chase breached the deposit agreements by freezing and/or closing the Accounts, denying Plaintiffs access to their funds, and refusing to return the funds, without justification or legal authority.

26.     As a direct and proximate result of Chase's breach, Plaintiffs have been damaged in an amount to be determined at trial, but not less than $167,109.29, together with interest.

**COUNT II**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

27.     Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

28.     Every contract governed by New York law contains an implied covenant of good faith and fair dealing, which precludes each party from exercising any contractual discretion in a manner that deprives the other party of the fruits of the agreement.

29.     To the extent the deposit agreements afforded Chase any discretion over the Accounts, Chase was obligated to exercise that discretion in good faith.

30. Chase breached the implied covenant by exercising its discretion to freeze, close, and withhold the funds in the Accounts in a manner that deprived Plaintiffs of the fundamental benefit of the deposit agreements—access to and use of their money.

31. As a direct and proximate result, Plaintiffs have been damaged in an amount to be determined at trial, together with interest.

## COUNT III
## CONVERSION

32. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

33. The funds on deposit in the Accounts were specifically identifiable and belonged to Plaintiffs.

34. Chase intentionally exercised unauthorized dominion and control over those funds, to the exclusion of and in derogation of Plaintiffs' rights, by freezing, closing, and retaining them without Plaintiffs' consent and without legal authority.

35. Plaintiffs demanded the return of their funds, and Chase refused.

36. Chase's conduct was willful and in conscious disregard of Plaintiffs' rights.

37. As a direct and proximate result, Plaintiffs have been damaged in an amount to be determined at trial, together with interest.

## COUNT IV
## WRONGFUL DISHONOR (N.Y. U.C.C. § 4-402)

38. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

39.     Under N.Y. U.C.C. Law § 4-401, a bank may charge against its customer's account only items that are properly payable, and under N.Y. U.C.C. Law § 4-402, a payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item.

40.     Chase wrongfully dishonored items and refused to honor proper transactions on the Accounts notwithstanding the availability of sufficient funds and the absence of any lawful basis to do so.

41.     As a direct and proximate result of Chase's wrongful dishonor, Plaintiffs sustained actual damages, including consequential damages proximately caused thereby, in an amount to be determined at trial.

## COUNT V
## UNJUST ENRICHMENT

42.     Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

43.     This claim is pleaded in the alternative to Plaintiffs' claim for breach of contract.

44.     Chase has been enriched at Plaintiffs' expense by retaining the funds in the Accounts.

45.     Equity and good conscience require that Chase disgorge and return those funds to Plaintiffs.

46.     Plaintiffs are entitled to restitution in the amount of the funds unlawfully retained by Chase.

## COUNT VI
## DECLARATORY JUDGMENT (28 U.S.C. §§ 2201–2202)

47.    Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

48.    An actual, justiciable controversy exists between Plaintiffs and Chase concerning the parties' respective rights and obligations with respect to the Accounts and the funds on deposit.

49.    Plaintiffs are entitled to a declaration that Chase has no lawful basis to restrain, retain, or withhold the funds in the Accounts and that Plaintiffs are entitled to the immediate return of those funds.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant as follows:

(a) On Count I, compensatory damages in an amount to be determined at trial, but not less than a total of $167,109.29;

   (i)    Not less than $6,893.35 for Checking Account ending in -2131;

   (ii)    Not less than $10,241.20 for Checking Account ending in -3716;

   (iii)    Not less than $62,831.43 for Checking Account ending in -5711;

   (iv)    Not less than $6,158.23 for Checking Account ending in -7863;

   (v)    Not less than $1,050.57 for Savings Account ending in -8091; and

   (vi)    Not less than $79,934.51 for Credit Card Account ending in -5703.

(b) On Count II, compensatory damages in an amount to be determined at trial;

(c) On Count III, compensatory damages and punitive damages in an amount to be determined at trial;

(d) On Count IV, actual and consequential damages pursuant to N.Y. U.C.C. § 4-402;

(e) On Count V, restitution in the amount of the funds unlawfully retained;

(f) On Count VI, a declaratory judgment as set forth above;

(g) Pre-judgment and post-judgment interest as permitted by law;

(h) The costs and disbursements of this action, and attorneys' fees to the extent permitted by law; and

(i) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable as of right.

Dated: New York, New York
July 17, 2026

Respectfully submitted,

**KOR LAW LLP**

By: */s/ Kenny G. Oh*
Kenny G. Oh, Esq.
Muriel S. Raggi, Esq.
One World Trade Center, 85th Fl.
New York, New York 10007
Tel: (212) 220-8768
kenny@korllp.com
muriel@korllp.com
Attorneys for Plaintiffs